```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| vs. | No. 03-20338-Ml |
| CARL JOHNSON, | |

ORDER DENYING MOTION FOR FREE TRANSCRIPT

On May 25, 2006, defendant Carl Johnson, Bureau of Prisons inmate registration number 19177-076, an inmate at the Federal Correctional Institution in Yazoo City, Mississippi, submitted a <u>pro se</u> motion seeking free copies of his guilty plea and sentencing transcripts for use in preparing a motion pursuant to 28 U.S.C. § 2255, accompanied by an <u>in forma pauperis</u> affidavit.

On September 23, 2003, a federal grand jury returned a single-count indictment charging Johnson with violating 18 U.S.C. § 922(g). On September 24, 2004, Johnson appeared before this judge to enter a guilty plea to the indictment. Johnson reserved the right to appeal the denial of his suppression motion. The Court conducted a sentencing hearing on February 24, 2005, at which time Johnson was sentenced to eighty-six (86) months imprisonment, to be followed by a three-year period of supervised release. Judgment was entered on March 10, 2005. The United States Court of Appeals for the Sixth Circuit affirmed. <u>United States v. Johnson</u>, No. 05-2462, 2006 WL 708912 (6th Cir. Mar. 21, 2006).

Johnson has now filed a motion seeking free copies of his guilty plea and sentencing transcripts. An indigent criminal defendant may obtain a free transcript to use in preparing a motion under 28 U.S.C. § 2255 only "if the trial judge or a circuit judge certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). In order for the court to decide that the motion is not frivolous, a defendant must make a particularized showing of need for the transcript. <u>United States v. MacCollom</u>, 426 U.S. 317, 326 (1976). "A federal prisoner is not entitled to obtain copies of Court records at the Government's expense to search for possible defects merely because he is indigent." <u>Campbell v. United States</u>, 538 F.2d 692, 693 (5th Cir. 1976); <u>see</u> <u>United States v. Lewis</u>, 605 F.2d 379, 380 (8th Cir. 1979) (no post-appeal right to a transcript before filing motion under 28 U.S.C. § 2255); <u>Bentley v. United States</u>, 431 F.2d 250, 252 (6th Cir. 1970) (defendant not entitled to free transcript to search for grounds to file a motion under § 2255); <u>United States v. Glass</u>, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). Moreover, there is Sixth Circuit authority for the proposition that a transcript may not be obtained before the filing of the § 2255 motion. <u>Corrigan v. Thomas</u> 55 Fed. Appx. 754, 756 (6th Cir. Feb. 12, 2003); <u>Ketcherside v. United States</u>, 317 F.2d 807, 808 (6th Cir. 1963) (per curiam).

> "If the Court is not given the benefit of some definite allegation as to the nature of the alleged illegal aspects

2

```
of the judgment and sentence, it is but natural to surmise
that this is a fishing expedition and that the present
vague allegation of illegality is not made in good faith."
```

<u>Culbert v. United States</u>, 325 F.2d 920, 922 (8th Cir. 1964) (quoting <u>United States v. Lawler</u>, 172 F. Supp. 602, 605 (S.D. Tex. 1959)); <u>see also</u> <u>United States v. Fleming</u>, No. 98-5246, 1999 WL 107956 (6th Cir. Feb. 9, 1999), <u>aff'g</u>, No. 94-20041-G (W.D. Tenn. Dec. 31, 1997) (quoting identical language).

In this case, defendant's motion is silent concerning any issue he may seek to raise in a § 2255 motion. Accordingly, the Court has no grounds on which it can conclude, as required by § 753(f), that a § 2255 motion, if filed, would not be frivolous.

Accordingly, the motion is without merit and is DENIED.

IT IS SO ORDERED this 14th day of June, 2006.

                                                 /s/ Jon P. McCalla
                                                 JON PHIPPS McCALLA
                                                 UNITED STATES DISTRICT JUDGE